UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GOIS, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KISCO SENIOR LIVING, LLC,<br><br>Defendant. | Case No.:  3:24-cv-00751-BJC-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION FOR CASE MANAGEMENT CONFERENCE,** and<br><br>**(2) SETTING EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 41]** |

/ /

/ /

/ /

Before the Court is Plaintiffs' Motion for Case Management Conference ("CMC").[1] ECF No. 41. Plaintiffs seek an order from the Court scheduling a CMC so that discovery may commence in this action. *Id.* at 2. Plaintiffs explain that the current matter has been pending for approximately eighteen months, and they wish to avoid further delay in conducting discovery. *Id.* at 3–5.

"A party is generally not permitted to obtain discovery without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f)." *Satmodo v. Whenever Commc'ns*, No. 17cv192-AJB-NLS, 2017 WL 4557214, at *3 (S.D. Cal. Oct. 12, 2017) (citing FED. R. CIV. P. 26(d)(1)); *see* CivLR 16.1(c) (ENEs occur within 45-days of the defendant's answer and the CMC, preceded by the Rule 26(f) conference, is held within 30-days of the ENE). However, the Court has discretion to permit early or expedited discovery upon a showing of good cause. *See Fluke Elecs. Corp. v. CorDEX Instruments*, No. C12-2082-JLR, 2013 WL 566949, at *10 (W.D. Wash. Feb. 13, 2013) ("Courts within the Ninth Circuit generally use a 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference"); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. "The court must perform this evaluation in light of 'the entirety of the record ... and the reasonableness of the request in light of all the surrounding circumstances.'" *Facebook v. Various, Inc.*, No. C-11-01805-SBA DMR, 2011 WL 2437433, at *2 (N.D. Cal. June 17, 2011) (quoting *Semitool*, 208 F.R.D. at 275).

---

[1] As the instant motion will be decided by the undersigned, the hearing date of December 18, 2025, obtained from the Honorable Benjamin J. Cheeks for purposes of issuing a briefing schedule on the instant motion is **VACATED**. Upon due consideration, the undersigned takes the motion under submission without further briefing.

In its discretion, the Court finds good cause to **GRANT** Plaintiffs' motion. ECF No. 41. The instant matter commenced on April 26, 2024. ECF No. 1. In the time thereafter, one motion to dismiss was filed, briefed, and decided; the complaint was thereafter amended; and a second motion to dismiss is presently pending and fully briefed. ECF Nos. 12, 17, 23, 34, 35, 38. The Court notes that "[a] pending motion to dismiss is not dispositive to a finding of good cause for expedited discovery." *MedImpact Healthcare Sys. v. IQVIA Holdings, Inc.*, No. 19-cv-1865-GPC-LL, 2019 WL 6310554, at *2 (S.D. Cal. Nov. 25, 2019); *see Hardie v. N.C.A.A.*, No. 13-cv-346-W-DHB, 2013 WL 1399333, at *2 (S.D. Cal. Apr. 5, 2013) (recognizing that motion to dismiss may weigh against expedited discovery in some cases, but granting expedited discovery request even with a pending motion to dismiss); *Quintero Family Tr. v. Onewest Bank, F.S.B.*, No. 09-cv-1561-IEG-AJB, 2009 WL 3381804, at *1 (S.D. Cal. Oct. 16, 2009) (granting expedited discovery request when a motion to dismiss was pending). Upon consideration of the entirety of the record and the reasonableness of Plaintiffs' request in light of all the surrounding circumstances, the Court finds good cause, as the Court wishes to avoid further delay. The Court also finds that discussions regarding settlement and discovery will be beneficial to the parties at this time. As such, the Court orders as follows:

1.  IT IS ORDERED that an Early Neutral Evaluation ("ENE") of your case will be held on **December 4, 2025** at **3:00 p.m.** *via videoconference* before Magistrate Judge Allison H. Goddard. Based upon the Court's familiarity with class actions, and in the interest of promoting the just, efficient, and economical determination of this action, the Court issues the following **Mandatory Procedures** to be followed in preparation for the ENE:

2.  **Purpose of the Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential. Although the Court understands that it is rare for class actions to settle at such an early stage, the ENE process can be effective in

identifying when settlement discussions will be most fruitful; whether the parties are interested in private mediation or a more fulsome settlement conference before the Court; and what information needs to be exchanged through informal discovery, or obtained through formal discovery, to have an effective settlement discussion.

   3.   **Attendance:** The Court requires the attendance of the primary attorney(s) responsible for the litigation via videoconference. Named parties, party representatives, and claims adjusters for insured defendants are welcome, but not required, to attend. The Court notes that the ENE will last approximately **one hour**.

   4.   **Confidential ENE Statements Required:** No later than **December 2, 2025**, the parties shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less. There is not a page limit on exhibits.** Each party's ENE statement must outline:

   A.   the nature of the case and the claims, including any other pending actions that could impact the scope of the proposed class;
   B.   position on liability or defense;
   C.   any previous settlement negotiations or mediation efforts;
   D.   whether the party is willing to participate in an early settlement conference or private mediation, including an informal exchange of information; and
   E.   if the party is not interested in early settlement discussions, an explanation of what discovery is necessary before engaging in settlement discussions and the party's position as to when settlement negotiations would be most effective.

The Court may use GenAI tools to review the information that the parties submit. Either party may object to the Court's use of such tools by advising the Court's law clerk of that

objection when they submit the information. The Court will respect that objection without any further explanation, and the Court's law clerk will only communicate to Judge Goddard that there was an objection, not which party made the objection.

5. **Case Management Conference:** In the event the case does not settle at the ENE, the Court will immediately thereafter hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P. 16(b). The Court orders the following to occur before the CMC:

    A. The parties must meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **November 26, 2025**.

    B. The parties must file a Joint Case Management Statement by **December 2, 2025**. The Joint Case Management Statement must address all points in the "Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard," which can be found on the court website at: https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf.

    C. Initial disclosures pursuant to Rule 26(a)(1)(A-D) must occur by **December 10, 2025**.

6. **Appearances via Videoconference Required:** Principal attorney(s) responsible for the litigation must attend the ENE via videoconference. All who attend the ENE must be legally and factually prepared to discuss the case. To facilitate the videoconference ENE, the Court hereby orders as follows:

    A. The Court will use its official Zoom video conferencing account to hold the ENE. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the

installation of a free app.[2] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[3] There is a cost-free option for creating a Zoom account.

B. Prior to the start of the ENE, the Court will email each participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation.

C. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the conference begins promptly at 3:00 p.m.

D. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls

---

[2] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[3] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

Breakout Rooms.[4] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

E. No later than **December 2, 2025**, counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

   i. The **name and title of each participant**, including the primary attorney(s) responsible for the litigation and, if applicable, parties, party representatives, or claims adjusters for insured defendants;

   ii. An **e-mail address for each participant** to receive the Zoom videoconference invitation;

   iii. A **telephone number where each participant** may be reached; and

   iv. A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

F. All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving or in a car while

---

[4] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the videoconference.

    G.    Counsel are advised that although the ENE will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

    H.    If the case does not settle during the ENE, the Court will hold the CMC immediately following the ENE in the main session.

7. **New Parties Must be Notified by Plaintiff or Plaintiff's Counsel:** Plaintiff's counsel must give notice of the ENE to any Defendants who have been served but who have not yet filed responsive pleadings as of the date of this Order. If any Defendants have not yet been served, Plaintiff's counsel must serve them with a copy of this Order along with the summons and complaint.

8. **The failure of any party to follow these mandatory procedures shall result in the imposition of sanctions.**

9. Questions regarding this case or these mandatory guidelines may be directed to Judge Goddard's law clerks at (619) 557-6162. Lodged statements should be emailed to efile_goddard@casd.uscourts.gov.

**IT IS SO ORDERED.**

Dated: November 13, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge